T.C. Memo. 2018-148

UNITED STATES TAX COURT

ROBERTA BIRDSONG AND WILLIAM H. BIRDSONG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22863-16.                          Filed September 10, 2018.

Roberta Birdsong and William H. Birdsong, pro sese.

<u>Brian A. Pfeifer</u> and <u>Christiane C. Sanicola</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $44,295 and an

accuracy-related penalty of $8,859 under section 6662(a) with respect to

petitioners' 2014 Federal income tax.[1]

_____

    [1] All section references are to the Internal Revenue Code in effect for the

                                                        (continued...)

**[\*2]**   The issues for decision are whether:  (1) petitioners' rental real estate loss is subject to the passive activity loss limitations of section 469 and (2) petitioners are liable for an accuracy-related penalty under section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.  At the time they filed their petition, petitioners resided in California.

During 2014 petitioners owned two rental real estate properties.  Both properties were in Oakland, California.  They consisted of four and five rental units, respectively.

Petitioner husband works full time as an emergency physician.  While petitioner wife is not formally employed, she divides her time between caring for their children and managing their rental properties.  In 2014 petitioner wife was the sole party actively involved in the day-to-day management of their rental properties.  These tasks included, inter alia, cleaning common areas, collecting coins from washing machines, performing repairs at the properties, communicating with tenants, collecting and depositing rent, maintaining insurance

---

[1](...continued)
tax year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] policies, purchasing materials for the properties as needed, paying bills, and keeping books and records for tax accounting purposes. She occasionally hired a contractor (such as a handyman or plumber) to perform tasks she could not complete herself. When she hired a contractor, petitioner wife spent considerable time researching and contacting contractors, obtaining price quotes, and supervising repairs. Petitioner wife's property management duties also included inspecting units, preparing (painting and supervising contractors) units for rental, advertising vacated units, screening potential tenants, showing the units, and processing rental applications.

Petitioner wife produced two spreadsheets detailing her rental management activities. The first spreadsheet reflects that petitioner wife logged 844.75 hours managing the rental properties in 2014; the second spreadsheet shows a total of 1,136.25 hours. The second spreadsheet includes previously omitted tasks such as investor hours and driving time between the rental properties and the hardware store and other locations pertinent to the management of the units. Petitioners used petitioner wife's calendar and receipts to reconstruct the time entries on both spreadsheets for the first half of 2014. For the second half of 2014, the time entries come from a contemporaneous log petitioner wife maintained on her phone on which she entered the date, location, time, and description of each task she

[*4] performed. Petitioner wife supplied receipts and invoices that substantiate the hours she logged.

Petitioners hired an accountant, Douglas Young of the Anderson C.P.A. Group, to prepare petitioners' tax return for 2014, among other years. Petitioners reported a loss for their rental real estate activities on Schedule E, Supplemental Income and Loss, as though petitioner wife qualified as a "real estate professional." Pursuant to section 469(c)(7)(A), petitioners elected to treat all of their rental real estate interests as a single activity for Federal income tax purposes in 2014.

On September 12, 2016, respondent issued petitioners a notice of deficiency for 2014 disallowing their Schedule E rental real estate loss in excess of the section 469 passive activity loss limitation. Respondent also determined an accuracy-related penalty under section 6662(a). Petitioners timely filed a petition with this Court for redetermination.

**[*5]**                                              OPINION

I.      Burden of Proof

The Commissioner's determinations in the notice of deficiency are generally

presumed correct, and taxpayers bear the burden of proving them incorrect.[2]  See

Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Taxpayers also bear

the burden of proving that they have met all requirements to be entitled to any

deductions claimed.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S.

79, 84 (1992).

II.     Section 469 Passive Activity Loss Limitation

Taxpayers are allowed deductions for certain business and investment

expenses pursuant to sections 162 and 212; however, section 469 generally

disallows any passive activity loss for the tax year.  Sec. 469(a).  A passive

activity is any trade or business in which the taxpayer does not materially

participate.[3]  Sec. 469(c)(1).  A passive activity loss is defined as the excess of the

---

[2]  Sec. 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability for tax and meets other prerequisites, the burden of proof shifts to the Commissioner as to that factual issue.  See Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).  This case is decided on the preponderance of the evidence and is not affected by the burden of proof or sec. 7491(a).

[3]  Material participation is defined as the regular, continuous, and

(continued...)

**[\*6]** aggregate losses from all passive activities for the year over the aggregate income from all passive activities for such year. Sec. 469(d)(1). A rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates.[4] Sec. 469(c)(2).

Pursuant to section 469(c)(7), the rental activities of a taxpayer who is in the real property business (real estate professional) are not per se passive activities but are treated as a trade or business subject to the material participation requirements of section 469(c)(1). Sec. 1.469-9(e)(1), Income Tax Regs. A taxpayer qualifies as a real estate professional and is not engaged in a passive activity under section 469(c)(2) if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B).

---

[3](...continued) substantial involvement in the operations of the activity. Sec. 469(h)(1).

[4] A rental activity is "any activity where payments are principally for the use of tangible property". Sec. 469(j)(8).

**[*7]**    A real property trade or business is defined in section 469(c)(7)(C) as "any real property development, redevelopment, construction, reconstruction, acquisition, conversion, rental, operation, management, leasing, or brokerage trade or business."  In the case of a joint return, the foregoing requirements for qualification as a real estate professional are satisfied if, and only if, either spouse separately satisfies the requirements.  Sec. 469(c)(7)(B).  All of a taxpayer's real estate activities are taken into account to determine whether the 750-hour requirement is satisfied.  See Hailstock v. Commissioner, T.C. Memo. 2016-146; sec. 1.469-5(f)(1), Income Tax Regs.

Section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), sets forth the requirements to establish the taxpayer's hours of participation as follows:

> The extent of an individual's participation in an activity may be established by any reasonable means.  Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means.  Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

[*8] We have held that the regulations do not allow a postevent "ballpark guesstimate". Bailey v. Commissioner, T.C. Memo. 2001-296; Goshorn v. Commissioner, T.C. Memo. 1993-578.

Respondent conceded that petitioner wife satisfies the first prong of the real estate professional test under section 469(c)(7)(B)(i) because she was not otherwise employed in 2014. Therefore, the only matter before this Court with respect to the section 469 passive activity loss limitation is whether petitioner wife has satisfied the 750-hour requirement under section 469(c)(7)(B)(ii). Respondent argues that petitioner wife's logs do not establish that she satisfied the 750-hour requirement because they were not contemporaneous and contained inaccuracies. We disagree.

Petitioners testified credibly and in detail about petitioner wife's active and extensive management of their rental properties.[5] Furthermore, petitioners presented detailed spreadsheets that reflected petitioner wife's rental management activities exceeded the 750-hour requirement. We find petitioners' narrative summary and thorough time logs convincing because petitioners owned numerous

---

[5] We find petitioners to be honest, forthright, and credible. See Diaz v. Commissioner, 58 T.C. 560, 564 (1972) (observing that the process of distilling truth from the testimony of witnesses, whose demeanor we observe and whose credibility we evaluate, is the "daily grist of judicial life").

[*9] rental units that petitioner wife operated alone.  See Hailstock v. Commissioner, at *21 (holding that the taxpayer's credible testimony regarding time spent operating multiple properties alone satisfied the section 469(c)(2) requirements).[6]  Petitioners' testimony is further buttressed by petitioner wife's thorough time-keeping as well as the receipts and invoices petitioner wife produced to corroborate her time logs.

On the basis of petitioners' testimony and the record as a whole, we conclude that petitioner wife, pursuant to section 469(c), materially participated and is a real estate professional.  Accordingly, petitioners' loss attributable to their rental real estate is not limited by the passive activity loss rules of section 469.

III.    Accuracy-Related Penalty

Respondent determined that petitioners are liable for an accuracy-related penalty of $8,859 under section 6662(a).  Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20% of the portion of an

---

[6]  Although we caution petitioner wife to construct more strictly contemporaneous time logs for her future endeavors, we find her credible testimony and time logs to be a "reasonable means" of proof.  See sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988).

[*10] underpayment of tax due to: (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax.[7]

Because we hold for petitioners as to the section 469 passive activity loss limitation, petitioners have no underpayment and hence no accuracy-related penalty.[8]

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued,</u>

<u>and decision will be entered for petitioners</u>.

---

[7] "Understatement" means the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). A "substantial understatement" of income tax is defined as an understatement of tax that exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1)(A).

[8] After trial respondent filed a motion to reopen the record to introduce evidence of compliance with the written supervisory approval requirement under sec. 6751(b). Because we hold for petitioners on the deficiency, we will deny respondent's motion as moot.